# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE FEADOR, <br><br> Plaintiff(s), <br><br> vs. <br><br> STATE FARM INSURANCE MUTUAL AUTOMOBILE COMPANY, <br><br> Defendant(s). | 2:13-cv-01791-JAD-NJK <br><br> **ORDER** <br> Plaintiff's Motion for Extension of Time to Disclose Rebuttal Expert Witness (Docket No. 19) <br><br> Defendant's Emergency Motion to Strike Plaintiff's Untimely Rebuttal Expert Witness (Docket No. 21) |

Before the Court is Plaintiff's Motion for Extension of Time to Disclose Rebuttal Expert Witness (Docket No. 19) and Defendant's Emergency Motion to Strike Plaintiff's Untimely Rebuttal Expert Witness (Docket No. 21). The Court finds these motions appropriately resolved without oral argument. Local Rule 78-2.

**I.     BACKGROUND**

This is a personal injury action stemming from a motor vehicle accident which occurred on December 8, 2012. Docket No. 1. Defendant removed the case to federal court on September 30, 2013. *Id*.

On November 7, 2013, the Court entered the parties' Stipulated Discovery Plan and Scheduling Order. Docket No. 12. Pursuant to the scheduling order, expert disclosures were due no later than January 30, 2014, rebuttal expert disclosures were due no later than February 28, 2014, and the discovery deadline was set for March 30, 2014.

. . .

On November 25, 2013, Plaintiff identified Andrew Cash, M.D. as her treating physician and disclosed that he would to testify "as to the facts and circumstances surrounding the medical care, treatment, and/or billing for said care and treatment provided to [Plaintiff]." Docket No. 21-2., at 4 Thereafter, Defendant obtained Plaintiff's medical records related to her treatment with Dr. Cash. Docket Nos. 21, at 4; 21-2, at 12-14.

On January 29, 2014, Defendant timely served Plaintiff with its expert witness designations, which included the designation of medical expert Hugh Bassewitz. M.D., and biomechanical expert Joseph Peles, Ph.D. Docket No. 21-2, at 16-17. In Dr. Bassewitz's initial report, dated January 20, 2014, he opined that Plaintiff's "limited course of chiropractic and physical therapy treatment was reasonable," but that he "did not believe [Plaintiff] has any long term need for future medical care." Docket No. 21-3, at 12. Further, he opined that Plaintiff had "cervical and lumbar strains" which were "related to her motor vehicle accident." *Id*., at 11.

Thereafter, Dr. Bassewitz had the opportunity to review Dr. Pele's initial and supplemental reports (dated January 20, 2014, and February 24, 2014, respectively), and Plaintiff's January 21, 2014, deposition transcript and exhibits. Docket No. 21, at 4-5. Dr. Bassewitz then supplemented his initial report on February 25, 2014, and Defendant served that supplement on Plaintiff on February 28, 2014. *Id*., at 5. Dr. Bassewitz's supplemental report noted that, based on Plaintiff's deposition testimony, her back pain did not appear until a month after the motor vehicle accident at issue in this case. Docket No. 21-3, at 14. Further, based on a photograph of Plaintiff going down a water slide with her spine in a hyper-extended position, he affirmed his prior position that there was no structural damage to Plaintiff's spine. *Id*. Dr. Bassewitz concluded that it was "more likely than not" than Plaintiff's injury was not related to the motor vehicle accident. *Id*., at 15.

On March 12, 2014, Plaintiff served Defendant with her rebuttal expert designation, designating her treating physician Dr. Cash as her rebuttal expert. Docket No. 21-5, at 6-7. Five days later, Plaintiff filed her motion to extend the rebuttal expert deadline. Docket No. 19. Within her motion, Plaintiff argues first, that her rebuttal expert disclosure was not late because it was filed within 30 days of Dr. Bassewitz's supplemental report and, alternatively, if her rebuttal disclosure was late, that good cause and excusable neglect exist to extend the deadline. *Id*.

- 2 -

1  The next day, on March 19, 2014, Defendant filed its motion to strike Plaintiff's rebuttal
2  expert. Docket No. 21. Defendant asserts that Plaintiff's disclosure was untimely and that it will be
3  prejudiced if Plaintiff's rebuttal expert is not stricken. *Id*.

## II. MOTION TO EXTEND

### A. Good Cause

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b) and Local Rule 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

Here, Plaintiff asserts that she did not disclose a rebuttal expert by the February 28, 2014, deadline because, based on Dr. Bassewitz's initial report, she did not believe a rebuttal expert was necessary. Docket No. 19, at 2. Specifically, Dr. Bassewitz originally opined that Plaintiff's injuries were related to her car accident. *Id*., at 4. That opinion did not conflict with Plaintiff's theory of the case. *Id*. Dr. Bassewitz's second report, however, offered a contrary opinion (i.e. that Plaintiff's injuries were not related to the car accident). *Id*. Therefore, Plaintiff asserts, a rebuttal expert only became necessary after Dr. Bassewitz changed his opinion in his second report. *Id*.

Defendant asserts that Plaintiff's counsel missed the February 28, 2014, rebuttal expert deadline because her counsel forgot about the deadline and was only reminded when he saw a notation of it on a white board at Defendant's counsel's office. Docket No. 21, at 6. Further, Defendant asserts that Dr. Cash's rebuttal report goes beyond rebutting Dr. Bassewitz's supplemental opinions and rebuts the opinions in Dr. Bassewitz's original report as well. Docket No. 22, at 5-6. Defendant also argues that Dr. Bassewitz's supplemental opinions were not new and he did not "flip" his position. *Id*., at 9.

. . .

Having reviewed the parties' arguments, briefing, and exhibits attached thereto, the Court finds that Plaintiff has shown diligence. Plaintiff received Dr. Bassewitz's supplemental report on February 28, 2014, and, in a matter of twelve days, was able to review it and provide a rebuttal. Dr. Bassewitz's supplement was a proper supplement; however, he does take a completely contrary opinion from his original report on the causation of Plaintiff's injuries, which is a central issue to this case. *See* Docket Nos. 19-2; 19-3. Thus, it is reasonable that Plaintiff did not anticipate the need for a rebuttal expert report until after she received the supplemental report. Plaintiff acted promptly upon reviewing Dr. Bassewitz's supplement and, therefore, was diligent.

### B.     Excusable Neglect

Requests to extend a discovery deadline filed less than 21 days before the expiration of that particular deadline must be supported by a showing of excusable neglect. *See* Local Rule 26-4.

Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Lemoge v. U.S.,* 587 F.3d 1188, 1195 (9th Cir. 2009). There are at least four factors for determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004). Defendant asserts that Plaintiff's counsel forgot about the rebuttal expert deadline and was only reminded when he saw a notation of it on a white board at Defendant's counsel's office.

Here, Plaintiff's request to extend the rebuttal expert deadline was filed 17 days after the rebuttal expert deadline expired. Therefore, Plaintiff must show excusable neglect for the delay which, the Court concludes, she has.

First, the danger of prejudice to Defendant is low. Dr. Cash's report was disclosed during discovery and only 12 days after the original deadline. Defendant has already scheduled Dr. Cash's deposition for March 27, 2014, and Defendant's expert can still supplement his report up until 30

days before trial, pursuant to Fed.R.Civ.P. 26(e)(2). Further, although Defendant is correct that Dr. Cash's report does not merely rebut Dr. Bassewitz's supplemental report but also rebuts findings in his initial report, Defendant was already on notice that Dr. Cash, as Plaintiff's treating physician, held a contrary view to Dr. Bassewitz regarding Plaintiff's injuries and that Dr. Cash intended to testify to that effect, as Plaintiff's treating physician. Therefore, the risk of prejudice to Defendant is minimal.

Second, the length of the delay was minor. Plaintiff missed the expert disclosure deadline by 12 days and only because Defendant's expert, upon review of additional materials, took a contrary view to his original opinion as to the cause of Plaintiff's injuries and a portion of her treatment. Discovery does not need to be extended, trial has not been set, and, other than the instant motion, Dr. Cash's report has not caused any disruption in this case.

Third, as discussed above, the reason for the delay was Dr. Bassewitz's change of opinion which, Plaintiff determined, created a need for a rebuttal report. Fourth, and finally, there is no evidence of bad faith or wilfulness on behalf of Plaintiff.

Accordingly, for good cause and excusable neglect shown, the Court hereby extends the rebuttal expert deadline to March 12, 2014.

### III.   MOTION TO STRIKE

Defendant seeks to strike Dr. Cash's report on the grounds that it was not timely. However, the Court extended the expert disclosure deadline to the date Plaintiff made her disclosure and, therefore, her disclosure of Dr. Cash's report was timely.[1] Accordingly, Defendant's motion to strike is denied.

---

[1] The Court notes that Plaintiff's argument that her rebuttal expert disclosure was timely under Federal Rule of Civil Procedure 26(a)(2)(D)(ii) because she made her disclosure within 30 days of Defendant disclosing its expert's supplemental report is incorrect. The Discovery Plan and Scheduling Order entered in this case on November 7, 2013, clearly states that "disclosures respecting rebuttal experts shall be made 30 days after the initial disclosure of experts, or by February 28, 2014." Docket No. 12, at 3. Further, Local Rule 26-4(e)(3) sets forth that same requirement. *See* LR 26-4(e)(3). Thus, Plaintiff's rebuttal expert report was originally due 30 days after the disclosure of the initial expert report, not 30 days after any supplemental report disclosed by Defendant's expert. Accordingly, prior to the Court extending the expert disclosure deadline, Plaintiff's designation of her rebuttal expert was late and in violation of Rule 26.

## IV. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to Disclose Rebuttal Expert Witness (Docket No. 19) is **GRANTED** in accordance with this order**.**

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion to Strike Plaintiff's Untimely Rebuttal Expert Witness (Docket No. 21) is **DENIED.**

DATED: March 20, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge